08-29-4905                                                                                       ARDC No. 01144642

FOR THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWSON OSIDEKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   08 CV 4537 |
| | ) |
| CITY OF EVANSTON and OFFICER | ) Judge St. Eve |
| JANE DOE, | ) Magistrate Judge Brown |
| | ) |
| Defendants. | ) |

## ANSWER

NOW COMES the Defendant, CITY OF EVANSTON, a Municipal Corporation, by and through its Attorneys, HARTIGAN & O'CONNOR P.C., and for its Answer to Plaintiff's Complaint at Law hereby states as follows:

### I.   NATURE OF THE ACTION

1.   This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs rights as secured by the United States Constitution.

ANSWER:   The Defendant admits that these Sections exist, but deny that this rises to any "action" and denies there has been any "deprivation under color of law".

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

ANSWER:   The Defendant admits these Sections exist, but deny that this rises to an action whereby jurisdiction would be imposed upon the Court.

3.   Venue is proper under 28 U.S.C. § 139l(b). All parties reside in this judicial District and the events giving rise to the claims asserted herein occurred within this District.

ANSWER:   The Defendant denies that there is any viable claim here, but admits that the venue Section cited is correct.

4.   Plaintiff Lawson Osideko is a resident of Evanston, Illinois.

ANSWER:   The Defendant has knowledge insufficient to form a belief as to the truth or falsity of the Allegation as to whether the Plaintiff is a resident of Evanston, as contained in Paragraph Four (4.) of Plaintiff's Complaint, and, therefore, neither admits nor denies same, but demands strict proof thereof.

### III.   PLAINTIFF'S ALLEGATIONS

5.   During the relevant time period Plaintiff was eighteen years-old and a student at Dunbar vocational High School in Chicago. Plaintiff resided with his parents in Evanston Illinois and was employed at Dominick's in Evanston, Illinois,

ANSWER:   The Defendant has knowledge insufficient to form a belief as to the truth or falsity of the Allegations contained in Paragraph Five (5.) of Plaintiff's Complaint, and, therefore, neither admits nor denies same, but demands

strict proof thereof, but does admit that the Plaintiff was employed at Dominick's in Evanston, Illinois at the time of this occurrence.

6.      On or about February 16, 2008 Plaintiff was arrested and place into custody by Defendant Evanston Police Officer Jane Doe at approximately 6:05 pm at Plaintiffs place of employment. Plaintiff was held in custody and not released from custody until approximately 2 am on February 17, 2008.

ANSWER:    The Defendant admits that the Plaintiff was arrested and placed in custody at approximately 6:05 p.m. or shortly thereafter.  The Defendant admits it was at Plaintiff's place of employment while done in the Store Manager's office. The Defendant admits that the Plaintiff was held in custody and not released, but denies it was 2:00 a.m. on February 17, 2008, but more towards 1:25 a.m. after interviewing three (3) suspects.

7.      Defendant Jane Doe handcuffed and escorted Plaintiff out of his place of employment in plain view of co-workers and customers.

ANSWER:    The Defendant admits that the Plaintiff was handcuffed, but the handcuffs were placed on him in the Store Manager's office while in front of the Store Manager and Risk Prevention employee.  The Defendant has knowledge insufficient to form a belief as to the truth or falsity of the Allegation contained in Paragraph Seven (7.) of Plaintiff's Complaint as to whether Plaintiff was

seen by co-workers and/or customers when exiting the store, and, therefore, neither admits nor denies same, but demands strict proof thereof.

8. Defendant placed the handcuffs on Plaintiff in a manner intended to cause Plaintiff physical discomfort and refused to adjust them after being verbally told by Plaintiff that they were causing pain.

ANSWER: The Defendant denies the Allegations contained in Paragraph Eight (8.) of Plaintiff's Complaint at Law. The Defendant further adds that Plaintiff was given two (2) sets of handcuffs due to his size.

9. As a result of this false arrest Plaintiff, was suspend from his place of employment and had his works hours reduced upon being reinstated.

ANSWER: The Defendant denies that there was any False Arrest and further states that Defendant has knowledge insufficient to form a belief as to the truth or falsity of that Allegation contained in Paragraph Nine (9.) of Plaintiff's Complaint with respect to Plaintiff's employment and specifically as to whether Plaintiff's hours were reduced, and, therefore, neither admits nor denies same, but demands strict proof thereof.

10. As a result of this false arrest, Plaintiff was forced to endure the emotional distress associated with his wrongful arrest, physical pain associated with being handcuffed, and financial damages.

ANSWER:     The Defendant denies the Allegations contained in Paragraph Ten (10.) of Plaintiff's Complaint at Law.

### Count I - 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

11.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

ANSWER:     The Defendant restates and reanswers its Answers to Paragraphs One through Ten (1.-10.) above as its Answer to Paragraph Eleven (11.) of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

12.     As described more fully above; Defendant Jane Doe falsely arrested and unlawfully detained Plaintiff without legal justification.

ANSWER:     The Defendant denies the Allegations contained in Paragraph Twelve (12.) of Plaintiff's Complaint at Law.

13.     The misconduct described in this Count was undertaken with malice. willfulness, and reckless indifference to the rights of others.

ANSWER:     The Defendant denies the Allegations contained in Paragraph Thirteen (13.) of Plaintiff's Complaint at Law.

14. As a result of the above-described wrongful infringement of Plaintiffs rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish and financial harm.

ANSWER: The Defendant denies the Allegations contained in Paragraph Fourteen (14.) of Plaintiff's Complaint at Law.

15. The misconduct described in this Count was undertaken by Defendant Officer Jane Doe within the scope of her employment and under color of law such that their employer, City of Evanston, is liable for her actions.

ANSWER: The Defendant denies the Allegations contained in Paragraph Fifteen (15.) of Plaintiff's Complaint at Law.

### Count II - 42 U.S.C. § 1983
### Excessive Force

16. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

ANSWER: The Defendant restates and reanswers its Answers to Paragraphs One through Fifteen (1.-15.) above as its Answer to Paragraph Sixteen (16.) of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

17.　　As described in the proceeding paragraphs, the conduct of Defendant Jane Doe toward Plaintiff constituted excessive force in violation of the United States Constitution.

ANSWER:　　The Defendant denies the Allegations contained in Paragraph Seventeen (17.) of Plaintiff's Complaint at Law.

18.　　The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs constitutional rights.

ANSWER:　　The Defendant denies the Allegations contained in Paragraph Eighteen (18.) of Plaintiff's Complaint at Law.

19.　　As a result of the unjustified and excessive use of force by Defendant Jane Doe, Plaintiff suffered pain and injury, as well as emotional distress.

ANSWER:　　The Defendant denies the Allegations contained in Paragraph Nineteen (19.) of Plaintiff's Complaint at Law.

20.　　The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference.

ANSWER:　　The Defendant denies the Allegations contained in Paragraph Twenty (20.) of Plaintiff's Complaint at Law.

21. The misconduct described in this Count was under taken by Defendant Jane Doe within the scope of her employment and under color of law such that her employer, City of Evanston, is liable for her actions.

ANSWER: The Defendant denies the Allegations contained in Paragraph Twenty One (21.) of Plaintiff's Complaint at Law.

### Count III - State Law Claim
### Respondent Superior

22. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

ANSWER: The Defendant restates and reanswers its Answers to Paragraphs One through Twenty One (1.-21.) above as its Answer to Paragraph Twenty Two (22.) of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

23. In committing the acts alleged in the preceding paragraphs, the Defendant Officer Jane Doe was a members and agent of the Evanston Police Department acting at all relevant times within the scope of her employment.

ANSWER: The Defendant denies any wrongful acts, but admits that the Officers were members of the Evanston Police Department during the course of their investigation of the Plaintiff.

24. Defendant City of Evanston is liable as principal for all torts committed by its agents.

ANSWER: The Defendant denies any torts were committed, but admits that the City of Evanston was the Officers' employer at the time of this occurrence.

### Count IV - State Law Claim
### Indemnification

25. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

ANSWER: The Defendant restates and reanswers its Answers to Paragraphs One through Twenty Four (1.-24.) above as its Answer to Paragraph Twenty Five (25.) of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

26. Illinois law provides that public entities are directed to pay any tort judgment or compensatory damages for which employees are liable within. the scope of their employment activities.

ANSWER: The Defendant objects to the terminology contained in Paragraph Twenty Six (26.) of Plaintiff's Complaint at Law since it calls for a legal conclusion. Without waiving said objection, the Defendant states this Paragraph essentially states the law in Illinois, but denies any wrongful activity by any Defendants herein.

27.     Defendant Officer Jane Doe was an employee of the Evanston Police Department who acted within the scope of her employment in committing the misconduct described herein.

ANSWER:    The Defendants admits that the Officers here were employees of the Evanston Police Department, but deny any misconduct by them.

WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, prays that Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys
for the Defendant, City of Evanston

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

**STATE OF ILLINOIS** )
) SS.
**COUNTY OF COOK** )

## STATEMENT OF LACK OF KNOWLEDGE

I, Russell W. Hartigan, on Oath solemnly depose and state that I am empowered to represent the interests of the Defendant, CITY OF EVANSTON, a Municipal Corporation, and with reference to Paragraph Four (4.) and parts of Paragraphs Five (5.), Seven (7.) and Nine (9.) of Plaintiff's Complaint-At-Law hereby state that I have insufficient knowledge to form an opinion as to the truth or falsity of the allegations contained therein.

Respectfully Submitted,

/s/Russell W. Hartigan
Russell W. Hartigan, One of the Attorneys
for the Defendant, City of Evanston

SUBSCRIBED AND SWORN to
before me this _____ day of _____, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880

## AFFIRMATIVE DEFENSES

Without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendant, CITY OF EVANSTON, a Municipal Corporation, sets forth the following Affirmative Defenses to the Plaintiff's Complaint at Law:

## FIRST AFFIRMATIVE DEFENSE

1. The CITY OF EVANSTON is not liable because the Defendant acted with probable cause at all times alleged in the Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice with costs assessed against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

1. That any Defendant Officers, at all times relevant hereto, were engaged in the performance of their official duties as a Police Officer for the CITY OF EVANSTON.

2. That the actions of the Defendant, at all times relevant hereto, were lawful and proper.

3. That at all times relevant hereto, the Defendants were engaged in a lawful Police arrest.

4. That these Defendants at all times relevant hereto, reasonably

believed that their conduct was lawful in this arrest.

      5.    That the Defendants have qualified immunity as to the allegations contained in the Plaintiff's Complaint.

      WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, prays this Honorable Court enter judgment in their favor and against the Plaintiff and for such other and further relief as this Court deems just and proper.

### THIRD AFFIRMATIVE DEFENSE

      1.    Plaintiff has failed to state a claim upon which relief can be granted in the Complaint at Law.

      2.    Plaintiff has failed to allege a cognizable deprivation of liberties by these Defendants.

      WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, respectfully requests this Honorable Court dismiss Plaintiff's Complaint against the Defendants and for such other and further relief as this Court deems just and proper.

### FOURTH AFFIRMATIVE DEFENSE

      1.    That these Defendants assert that the Plaintiff's own negligence was the direct and proximate cause of any alleged injuries.

      WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, prays this Honorable Court enter judgment in their favor and against the

Plaintiff and reduce any award in favor of the Plaintiff by the amount of Plaintiff's own contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

1.      Any award obtained by the Plaintiff must be reduced to the extent to which the Plaintiff has failed to discharge his duty to mitigate damages commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, , requests this Honorable Court reduce any award in favor of the Plaintiff by the degree to which Plaintiff failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

1.      The VILLAGE is not liable to Plaintiff on any State law claim if the individual Defendants are not found liable to the Plaintiff on such a claim, pursuant to 745 ILCS 10/2-109.

WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, respectfully requests this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

1.      That the VILLAGE cannot be held liable for civil rights violations

under a theory of respondeat superior pursuant to <u>Monelle v. N.Y. Department of Social Services</u>, 436 U.S. 658 (1978).

   WHEREFORE, the Defendant, CITY OF EVANSTON, a Municipal Corporation, respectfully requests this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

              Respectfully Submitted,

              <u>/s/Russell W. Hartigan</u>
              Russell W. Hartigan, One of the Attorneys
              for the Defendant, City of Evanston

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & O'CONNOR P.C.
20 North Clark Street
Suite 1250
Chicago, Illinois 60602
(312)201-8880